UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUDGET INNS OF BRIDGEPORT,
LLC et al.,

      Plaintiffs,

                                      Case No. 1:15-cv-1251

v.

                                      HON. ROBERT HOLMES BELL

FIFTH THIRD BANK,

      Defendant.
_____/

## **O P I N I O N**

      This is a breach of contract case. On October 22, 2015, Plaintiffs Budget Inns of Bridgeport, LLC and John C. Burns filed a complaint in the 13th Circuit Court for the County of Grand Traverse, Michigan. (ECF No. 1-2.) Defendant Fifth Third Bank removed the action to this Court on December 2, 2015. (ECF No. 1.) On February 1, 2016, Defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 9.) Plaintiffs filed a response (ECF No. 12), to which Defendant filed a reply (ECF No. 13). For the reasons that follow, Defendant's motion will be granted in part.

## I.

Plaintiff Budget Inns of Bridgeport, LLC ("Budget Inns") owns the property located at 6379 Dixie Highway, Bridgeport, Michigan (the "Property"). A four-story commercial building, formerly operated as a hotel, is located on the Property. To finance the purchase of the Property, Budget Inns entered into a loan transaction with Defendant Fifth Third Bank ("Fifth Third"). The loan is evidenced by a promissory note ("Note") dated February 14, 2008 (ECF No. 1-2) and a mortgage ("Mortgage") on the property. (*Id.*) Plaintiff John C. Burns also executed a Guaranty Agreement dated February 14, 2008, promising to guarantee payment of the loan. (Compl. ¶ 7; Guaranty Agreement, ECF No. 1-2.)

As of February 28, 2013, Plaintiffs had defaulted on payments due under the terms of the Note. Plaintiffs entered into a Forbearance Agreement with Fifth Third. Fifth Third agreed not to act on Plaintiffs' default so long as Plaintiffs remained in compliance with several obligations spelled out in the Forbearance Agreement. On December 10, 2014, an Amendment to the Forbearance Agreement ("Amendment") was executed, which extended the forbearance period until December 10, 2015. (Amendment, ECF No. 1-2, PageID.71.) Plaintiffs contend that written terms in the Amendment, as well as oral representations made by Donna Porritt, a Vice President of Fifth Third, required Fifth Third to "procure[] adequate insurance on the Property that would meaningfully cover loss of damage occurring to the Property, and . . . [to] maintain that insurance during the entire term of the forbearance period." (Pls.' Resp. to Mot. for J. 4, ECF No. 12.)

On March 12, 2015, a frozen pipe burst, causing flooding and substantial damage to the Property. (Compl. ¶ 20.) Plaintiffs believe that it will cost approximately $510,000 to restore the Property. Defendants have provided Plaintiffs with "incomplete and, at times conflicting, information concerning the nature, extent and terms of the insurance coverage purportedly obtained . . . pursuant to the terms of the Amended Forbearance Agreement." (*Id.* ¶ 27.) "At one point, a representative of Defendant asserted that the policy included a deductible of $750,000. At another point, a representative of Defendant asserted that this 'insurance' carries a multi-layered deductible: $100,000 specific to the Property only; and an additional $450,000 related to the 'blanket policy' as a whole." (*Id.* ¶ 28.) Plaintiffs state that they were never informed that the deductibles were so high, and that the practical effect of the deductible amount "is that the Property has no material or meaningful insurance coverage at all." (*Id.* ¶ 31.)

As a result of Plaintiffs' failure to receive insurance payments, Plaintiffs filed this lawsuit, raising one breach of contract claim.[1]

## II.

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Sixth Circuit imposes the same pleading requirements

---

[1] The complaint also contains a request for declaratory judgment pursuant to Michigan Court Rule 2.605. Defendant's motion for judgment on the pleadings argued that this claim should be dismissed, and Plaintiffs "do[] not oppose the dismissal of Count II of its Complaint." (Pls.' Resp. to Mot. for J. 2.) Accordingly, the Court will grant Defendant's motion for judgment on the pleadings with respect to this claim only.

on a party who files a Rule 12(c) motion for judgment on the pleadings as it does on a party who files a motion to dismiss pursuant to Rule 12(b)(6). *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

A Rule 12(b)(6) motion to dismiss requires the Court to "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but the Court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Plaintiffs must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677).

### III.

Plaintiffs' breach of contract claim alleges that, under the Amended Forbearance Agreement, the parties agreed that Defendant "would insure the Property throughout the term of the Amended Forbearance Agreement, subject to Plaintiffs' obligation to reimburse Defendant for premiums . . . ." (Compl. ¶ 40.) Plaintiffs also indicate that, "[p]rior to the execution of the Amended Forbearance Agreement, Defendant's authorized representative Donna Porritt represented to Plaintiff Burns that Defendant had procured insurance to cover potential loss or damage to the Property." (*Id.* ¶ 13.) Plaintiffs state that "Defendant breached the parties' contract . . . including without limitation by failing to procure reasonable and adequate insurance coverage for the Property and/or by failing or refusing to exercise rights available under any insurance procured by Defendant to complete remediation and/or restoration work and/or to otherwise address and mitigate losses resulting from the flooding event in March, 2015." (*Id.* ¶ 43.) Defendant has "failed and/or refused to produce a copy of the [insurance] policy in response to Plaintiffs' repeated requests." (*Id.* ¶ 26.)

Defendant argues that Plaintiffs' claim must be dismissed for several reasons. Defendant contends that integration clauses contained in the Mortgage, Note, and Guaranty Agreement prevent the Court from considering any oral statements in construing the loan documents. The Court is not convinced, at least as of now. The Michigan Supreme Court has

stated that "it is well established in our law that contracts with written modification or anti-waiver clauses can be modified or waived notwithstanding their restrictive amendment clauses. This is because the parties possess, and never cease to possess, the freedom to contract even after the original contract has been executed." *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 666 N.W.2d 251, 257 (Mich. 2003). "A party who seeks to prove that a written agreement prohibiting oral modifications was orally modified must prove by clear and convincing evidence 'that the parties mutually intended to modify the particular original contract, including its restrictive amendment clauses such as written modification or anti-waiver clauses.'" *Bero Motors, Inc. v. General Motors Corp.*, 743 N.W.2d 866, 888 (Mich. 2008) (Corrigan, J., dissenting) (quoting *Quality Prods*, 666 N.W.2d at 254). At this stage of the proceedings, Plaintiffs have not had the opportunity to offer such proofs. And, as discussed below, Plaintiffs have argued that the claim for a "failure to obtain adequate insurance" arose separately from the original loan documents. (*See* Pls.' Resp. to Mot. for J. 12, ECF No. 12.) If Plaintiffs can make this showing, then the clauses in the original loan documents, which provide that *those* documents may not be modified unless in writing, do not have binding effect on a separate, unrelated agreement.

Defendant's other grounds for dismissal fail for a similar reason–at this stage, the Court is not in a position to determine the exact terms of the alleged oral promise or the terms of any insurance purportedly obtained by Defendant.

For instance, Defendant argues that it "did not breach any promise, written or oral, regarding the purchase of insurance because Fifth Third was not obligated to purchase insurance for Plaintiffs' benefit." (Def.'s Reply Br. 2, ECF No. 13.) Plaintiffs disagree, referencing the "contractual obligation assumed by Defendant" based, in part, on "representations made by the Defendant's authorized representative Donna Porritt[.]" (Pls.' Resp. to Mot. for J. 4.) Plaintiffs argue that "Donna Porritt's promise on behalf of Defendant to procure insurance" was a "supplemental promise," and that the terms of the insurance obtained by Defendant breached the implied covenant of good faith and fair dealing because, essentially, the "Property has no material or meaningful insurance coverage at all." (*Id.* at 9, 11.) Without evidence concerning the terms of the alleged oral promise and the terms of the insurance purportedly obtained by Defendant, the Court cannot determine whether the implied covenant of good faith and fair dealing applies, or whether it was breached.

Lastly, Defendant argues that a release clause in the Amendment to the Forbearance Agreement bars Plaintiff's claims. The release clause provides:

> In consideration of Bank's agreement to forbear on the collection of the Indebtedness, Obligors each hereby waive, release and discharge Bank, its successors, assigns, employees . . . subsidiaries, and parent company, from any and all claims, demands, damages, actions, rights of action, and defenses of whatever kind and nature, which Borrower now has, or may have in the future, arising out of, in consequence of, or on account of any loans or banking relationships between the Obligors and the Bank, including, but not limited to, those that may arise out of, in consequence of, or on account of the Loan Documents or the Agreement, from the date of Borrowers' first contact with the Bank through the date of this First Amendment.

(Amendment ¶ 5, ECF No. 1-2.) The Court suspects that Defendant may turn out to be right. Plaintiffs, however, dispute that Defendant's obligation to provide adequate insurance arose out of, in consequence of, or on account of the loans or banking relationship between the

7

parties. (Pls.' Resp. to Mot. to Dismiss 12.) Again, without evidence concerning the terms of the alleged oral promise, and the conditions in which it arose, the Court cannot determine whether an obligation to provide adequate insurance arose out of the loans or banking relationship.

And moreover, Defendant has not addressed the portion of Plaintiffs' claim that alleges Defendant breached a contract by "failing or refusing to exercise rights available under any insurance procured by Defendant to complete remediation and/or to otherwise address and mitigate losses[.]" (Compl. ¶ 43.) If such a contractual obligation did indeed arise out of the alleged oral promise, then Plaintiffs have a plausible argument that the release clause does not bar their claims because the claim arose after the date of the Amendment.

## IV.

In short, at this stage of the proceedings, drawing all reasonable inferences in favor of Plaintiffs, the Court is unable to say that Plaintiffs' breach of contract claim does not present a plausible claim for relief. This issue is best left for summary judgment, when the Court has the necessary evidence before it. Thus, Defendant's motion for judgment on the pleadings as to the breach of contract claim will be denied. Plaintiffs' claim requesting a declaratory judgment will be dismissed.

An order will issue consistent with this opinion.


Dated: May 12, 2016               /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE